IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES HENDRICKS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:24-cv-611-ECM |
| ) | [WO] |
| GEICO GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
|    Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is the Defendant Geico General Insurance Company's ("Geico") motion to dismiss. (Doc. 3). The Plaintiff, James Hendricks ("Hendricks") brings two causes of action against Geico stemming from a contractual dispute following an August 2018 motor vehicle accident: (1) breach of contract (Count One) and (2) bad faith refusal to pay insurance claim (Count Two). (Doc. 1-1 at 2–4, paras. 9–18).[1] Geico argues that dismissal is proper on both Counts One and Two because Hendricks "fails to comply with applicable Georgia law and seeks the recovery of damages not permitted under Georgia law[.]" (Doc. 3 at 5). Although Hendricks fails to substantively address Geico's legal arguments, he nominally opposes the motion.[2] (*See*

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

[2] Hendricks' motion to dismiss response is deficient because he fails to adequately address Geico's two main contentions: (1) choice of law necessitates the application of Georgia law and (2) Hendricks' two claims fail as a matter of law. Hendricks' response focuses on his motor vehicle accident and its procedural history, rather than engaging in legal analysis. (*See generally* doc. 15). Despite Hendricks' deficient

*generally* doc. 15).[3] Geico's motion to dismiss is fully briefed and ripe for review. For the reasons that follow, Geico's motion to dismiss (doc. 3) is due to be DENIED.

## II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1441(a).

## III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The plausibility standard

---

briefing, "the Court will review the merits of [Geico's] position and, if it is clearly incorrect or inadequate to satisfy [Geico's] initial burden, will deny the motion despite [Hendricks'] failure to respond." *Gailes v. Marengo Cnty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1243–44 (S.D. Ala. 2013).

[3] Geico filed its reply brief (doc. 6) *before* Hendricks filed his response (doc. 15). Despite Hendricks' late filing (*see* docs. 7, 8, 9, 14) Geico received Hendricks' response via email on October 16, 2024, one week before Geico filed its reply. (*See* doc. 6 at 2, para. 5 n.1). The Court understands Geico's reply (doc. 6) to address all the arguments raised in Hendricks' response (doc. 15).

requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. BACKGROUND[4]

On August 25, 2018, Hendricks, a Georgia citizen, was involved in a motor vehicle accident while traveling on Interstate 85 in Chambers County, Alabama. (Doc. 1-1 at 1, paras. 1, 4; doc. 1 at 3, para. 5). Wayne Askew, Jr. ("Askew"), while under the influence of narcotics, crashed into Hendricks' vehicle. (Doc. 1-1 at 1–2, para. 4). After the accident, Hendricks filed insurance claims with Geico (Hendricks' provider) and Askew's insurance company. (*Id.* at 2, para. 5). Hendricks' Geico policy included "UIM" or "Uninsured Motorist"[5] coverage, with policy limits of $100,000 for "Each Person." (*Id.* at 2, para. 6; doc. 3-2 at 2). The insurance policy contains a choice-of-law provision. Under the policy,

---

[4] At the motion-to-dismiss stage, the Court "must view the complaint in the light most favorable to the [P]laintiff and accept all of the [P]laintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted).

[5] Hendricks' response refers to this coverage as both "UIM" and "UIN." (Doc. 15 at 5). The Court uses "Uninsured Motorist" coverage because it mirrors the language used in Hendricks' Geico policy. (*See* doc. 3-2 at 2).

3

Georgia law governs.[6] (Doc. 3-2 at 22, para. 17). Later, Hendricks filed suit against Askew in state court. (Doc. 1-1 at 2, para. 7). Hendricks' case against Askew proceeded to trial. (*Id.* at 2, para. 8). "Geico opted out of the trial and a verdict was returned in the matter on August 30, 2022, in the amount of $[1.5 million]." (*Id.*).

Two years later, on August 9, 2024, Hendricks sued Geico in the Circuit Court of Chambers County, Alabama for breach of contract and bad faith refusal to pay insurance claim. (*Id.* at 2–4, paras. 9–18). Hendricks alleges that Geico failed to "pay the $100,000" in Uninsured Motorist coverage and "acted in bad faith in refusing to pay the full $100,000 . . . prior to trial." (*Id.* at 2–3, paras. 11, 14). Geico timely removed the case to this Court under 28 U.S.C. § 1332. (Doc. 1 at 1, para 1). Geico argues that Hendricks' claims "must be dismissed[] as a matter of law" for failure "to comply with applicable Georgia law and [because he] seeks the recovery of damages not permitted under Georgia law[.]" (Doc. 3 at 5). Hendricks argues that Geico's motion should be denied pursuant to Federal Rule of Civil Procedure 12(d) "as it seems appropriate for [Hendricks] to present additional information to the Court[.]" (Doc. 15 at 6).

---

[6] The Court may consider a document attached to a motion to dismiss "without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the Court considers Hendricks' Geico policy because it is central to his claim and it is "[u]ndisputed[,]" meaning "the authenticity of the document is not challenged." *Id.* Additionally, Hendricks attached the insurance policy to his complaint and referenced the Uninsured Motorist coverage provision. (*See* doc. 1-1 at 1, para. 3; *id.* at 2, paras. 6–7).

4

## V. DISCUSSION[7]

The Court considers Geico's arguments as to Count One before turning to its arguments as to Count Two.

### A. Breach of Contract

#### 1. Choice of Law

"A federal court sitting in a diversity action applies state law using the choice of law rules of the forum state[.]" *Travelers Prop. Cas. Co. of Am. v. Moore*, 763 F.3d 1265, 1270 (11th Cir. 2014). "Alabama applies the traditional doctrine[] of *lex loci contractus* to contract claims[,]" under which "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (italics in original) (citing *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991)). "To determine which law applies in contract disputes, Alabama courts 'first look to the contract to determine whether the parties have specified a particular sovereign's law to govern.'" *Clanton v. Inter.Net Glob., L.L.C.*, 435 F.3d 1319, 1323 (11th Cir. 2006) (quoting *Stovall v. Universal Constr. Co., Inc.*, 893 So. 2d 1090, 1102 (Ala. 2004)).

---

[7] Without citation to legal authority, Hendricks attaches several new exhibits in response to Geico's motion to dismiss. (*See, e.g.*, docs. 15-1, 15-3, 15-4, 15-5, 15-6, 15-7, 15-8, 15-9, 15-10). Hendricks did not attach many of these documents to his complaint. The Court exercises its discretion and declines to consider any exhibits (other than the insurance policy) attached to Hendricks' response because he fails to articulate how the documents are central to his claims. *See Horsley*, 304 F.3d at 1134; *see also Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) ("The [C]ourt has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion.").

Here, the relevant insurance policy contains a choice-of-law provision, which selects Georgia law as governing. (Doc. 3-2 at 22, para. 17). "Contractual choice-of-law provisions are generally enforceable under Alabama law, at least for breach-of-contract claims." *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 2022 WL 433457, *8 (11th Cir. 2022) (per curiam).[8] Because neither party argues that applying Georgia law to Hendricks' breach of contract claim "would be contrary to Alabama policy, [such that] the parties' choice of law will not be given effect and Alabama law will govern the agreement[,]" Georgia substantive law governs. *See Cherry, Bekaert & Holland*, 582 So. 2d at 507.

**2.    Analysis**

The elements of a breach of contract claim under Georgia law are "(1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015) (citation omitted); *see also Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1130 (11th Cir. 2014) (citation omitted). Additionally, "a plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendant[] violated to survive a motion to dismiss." *Brooks*, 107 F. Supp. 3d at 1295 (citation omitted).

At the motion-to-dismiss stage, viewing the complaint in the light most favorable to Hendricks, the Court finds that Hendricks has plausibly pleaded a claim for breach of contract under Georgia law. First, Hendricks and Geico entered a valid automobile insurance contract. (*See* doc. 3-2). Second, Geico breached the contract's terms by failing

---

[8] The Court here, and elsewhere in the Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

to pay him—the Uninsured Motorist coverage policy limit. (Doc. 1-1 at 2, para. 11). Third and related, Geico's failure to pay resulted in damages. (*Id.* at 2–3, paras. 11–12).

Geico contends Hendricks' breach of contract claim must be dismissed as a matter of law for two reasons: (1) Hendricks fails to identify a particular provision of the contract that was breached and (2) he failed to plead "the fulfillment [of] any conditions precedent imposed by the insurance contract of Georgia law[.]" (Doc. 3 at 10–11). At this stage, the Court is not persuaded.

Hendricks states that Geico breached the contract's "UIM insurance coverage" clause. (Doc. 1-1 at 2, para. 10). Although Hendricks does not specifically cite that provision by line and number, the parties' agreement provides that:

> Under the Uninsured Motorists Coverage [Geico] will pay compensatory damages for bodily injury and property damage caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or hit-and-run auto arising out of the ownership, maintenance or use of that motor vehicle as a motor vehicle.

(Doc. 3-2 at 18) (emphases omitted). Hendricks alleges he was legally entitled to recover from Geico by pleading that he received a $1.5 million jury verdict in state court. (Doc. 1-1 at 8). The Court finds Hendricks identified the relevant provision with enough specificity to survive Geico's motion to dismiss.

Geico's second ground for dismissal relates to Hendricks' purported failure to plead conditions precedent imposed by the contract or Georgia law. Geico does not identify which requirements of "Georgia's Uninsured Motorist Act" Hendricks failed to "allege compliance and conformance with[.]" (Doc. 3 at 10). The Court therefore cannot determine

7

that Hendricks failed to state a claim upon which relief can be granted. Accordingly, the Court denies Geico's motion as to Count One.

## B.     Bad Faith Refusal to Pay Insurance Claim

### 1.     Choice of Law

To determine which law governs Hendricks' bad faith refusal to pay insurance claim, "the [C]ourt must characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc." *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Under the law of the forum state—Alabama—a bad faith refusal to pay insurance claim sounds in tort. *See, e.g.*, *Bowers v. State Farm Mut. Auto. Ins. Co.*, 460 So. 2d 1288, 1290 (Ala. 1984) (characterizing the "bad faith refusal to pay a contractual claim" as a "tort action"); *see also State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013) (referring to a "bad-faith refusal to pay" claim as a "tort"). Alabama applies the traditional doctrine of *lex loci delicti* to tort claims, which requires the Court to "determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Colonial Life & Accident Ins. Co.*, 358 F.3d at 1308 (quoting *Fitts v. Minn. Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991)).

Hendricks argues that any injuries related to his bad faith refusal to pay insurance claim occurred in Alabama because "efforts to resolve conflict between the parties over bad faith issues . . . were with Alabama representative[s] of Geico within the State of Alabama." (Doc. 15 at 5). Geico disagrees, arguing that Hendricks' complaint and insurance policy confirm that he "was a Georgia resident at the time of the alleged accident and continues to be a Georgia resident now." (Doc. 3 at 9).

**2. Analysis**

Because the parties do not argue that the policy's choice-of-law provision extends to a bad faith refusal to pay insurance claim—the Court lacks a developed factual record sufficient to determine where Hendricks' bad faith injury occurred.[9] "[N]umerous district courts have refused to address a choice-of-law dispute at the motion to dismiss stage when lacking a developed factual record." *Avago Techs. Ltd. v. Aigner*, 2011 WL 13141507, at *2 (M.D. Fla. Aug. 10, 2011). The Court declines to make an educated guess regarding where Hendricks' bad faith injury occurred.[10] Geico cites *Morse v. Life Insurance Company of North America* to support its argument that Georgia law governs Hendricks' bad faith claim. 399 F. Supp. 3d 1236 (N.D. Ala. 2019). *Morse* is distinguishable because there the plaintiff "d[id] not dispute" that his bad faith injury occurred in Michigan. *See id.* at 1245. Here, Hendricks appears to contest that Georgia law applies to his bad faith claim. (Doc. 15 at 5). Because the Courts finds that a developed factual record would assist in its choice-of-law determination, the Court denies Geico's motion to dismiss as to Count Two.

---

[9] This conclusion is not inconsistent with the Court's finding that Hendricks' breach of contract claim is governed by Georgia law. The policy's choice-of-law provision reads: "The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of Georgia." (Doc. 3-2 at 22, para. 17). Because "[a] choice of law provision that relates only to [an] agreement will not encompass related tort claims" the policy's provision is not dispositive, and the Court cannot on this basis determine whether Georgia or Alabama law applies. *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1162 (11th Cir. 2009).

[10] The Court acknowledges Hendricks' request to deny Geico's motion to dismiss under Federal Rule of Civil Procedure 12(d) "as it seems appropriate for [Hendricks] to present additional information to the Court[.]" (Doc. 15 at 6). Because the Court denies Geico's motion to dismiss on other grounds, the Court pretermits discussion regarding Hendricks' Rule 12(d) argument.

## VI.  CONCLUSION

For the reasons discussed above, it is

ORDERED that Geico's motion to dismiss (doc. 3) is DENIED without prejudice.

DONE this 15th day of September, 2025.

                        /s/ Emily C. Marks  
                      EMILY C. MARKS  
                      CHIEF UNITED STATES DISTRICT JUDGE